```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
────────────────────────────────────
MICHAEL MELNITZKY,

                    Plaintiff,

      - against -                        06 Civ. 13526 (JGK)

HSBC, BANK USA; FELIX PAI;               MEMORANDUM OPINION
CECIL LESSEE; MICHAEL MENDOLA; JUSTICES  AND ORDER
JACQUELINE SILBERMAN; WALTER TOLUB;
JUDITH GISCHE; CHARLES RAMOS; ANGELA
MAZZARELLI; JUDGE JUDITH KAYE; COURT
OFFICER DUFF; SUPERVISING OFFICER MAJOR
FENNEL; CLERK IDA LEE; VIRGINIA LOPRETO;
ELIZABETH BESOBRASOW; JOHN DOE SECRET
AUCTION GALLERY,

                    Defendants.
────────────────────────────────────
```

**JOHN G. KOELTL, District Judge:**

   The plaintiff, appearing pro se, brings this amended complaint pursuant to 42 U.S.C. §§ 1983 and 1985 alleging violations of his rights to due process and equal protection. This dispute arises from events surrounding the plaintiff's divorce proceedings, which occurred in the New York State courts from about 1994 and continuing to the present. Specifically, the plaintiff challenges the manner in which the state court determined that certain of the plaintiff's property constituted marital assets, and the method in which that property was eventually seized and sold at a private auction. As a general overview of his constitutional claims, the plaintiff alleges that his due process rights were violated by the state courts because he was denied the opportunity to litigate his claims fully and fairly. He also alleges a conspiracy between the

1

state court judges and various private actors to deprive him of his property in violation of due process.  Finally, the plaintiff claims that his alleged mistreatment as a pro se litigant in the state courts deprived him of equal protection of the laws.  The plaintiff seeks both monetary and equitable relief.

I.

By way of brief background, the plaintiff filed this action together with an order to show cause for a temporary restraining order and a preliminary injunction.  The action was directed against HSBC, Bank USA, New York State judges, and a court officer.  Following a hearing on December 20, 2006, the Court denied the temporary restraining order in an Order dated December 21, 2006.  The Court gave the plaintiff the opportunity to file an amended complaint and an amended application for preliminary relief.  This action is now before the Court on the plaintiff's renewed application for an order to show cause for a temporary restraining order or a preliminary injunction, as well as the plaintiff's amended complaint.  The amended complaint adds numerous additional defendants, including numerous additional New York State judges, the plaintiff's former wife, the former wife's attorney, and the art gallery that allegedly sold certain property.

In a Memorandum Opinion and Order dated December 11, 2006, this Court dismissed, sua sponte, the plaintiff's claims against various state court judges because those claims were barred by absolute judicial immunity.  In a Memorandum Order dated December 4, 2006, Judge Stein dismissed a similar complaint filed by the plaintiff, arising from the same events but asserted against various other defendants.  Judge Stein dismissed that complaint with prejudice, finding that the plaintiff had presented "no arguably meritorious issue."  See Melnitzky v. Lopreto, No. 06 Civ. 13206 (SHS), 2006 WL 3500016, at *3 (S.D.N.Y. Dec. 4, 2006).  The Court dismissed the complaint sua sponte as frivolous and denied leave to file an amended complaint.  Id.  It now appears from the amended complaint that the plaintiff has renewed his claims against the dismissed state court judges as well as the various defendants that were dismissed with prejudice in the action before Judge Stein, in addition to adding entirely new defendants.

**II.**

For the reasons already stated in the Court's December 11 Memorandum Opinion, the plaintiff's claims against Chief Judge Judith Kaye,[1] Justice Charles Ramos, and Justice Angela Mazzarelli for monetary relief must be dismissed.  The plaintiff

---

[1] Chief Judge Kaye is a new addition to the complaint, but the complaint fails to allege any personal involvement by Chief Judge Kaye in any of the decisions alleged in the complaint.  In any event, to the extent the plaintiff is attempting to assert a claim against Chief Judge Kaye, that claim fails for the reasons explained in this opinion.

3

has asserted no facts in his amended complaint to suggest that any of these judges acted in the absence of jurisdiction or outside their judicial capacities.  Therefore, absolute judicial immunity plainly bars the plaintiff's claims for compensatory and punitive damages against these judges, as stated in the Court's prior decision.  Additionally, the plaintiff's claims against Justice Jacqueline Silberman, Justice Judith Gische, and Justice Walter Tolub must also be dismissed.  These three judges were already dismissed with prejudice in the plaintiff's case before Judge Stein.  The plaintiff cannot renew his claims against these judges and avoid Judge Stein's decision by simply adding these judges as defendants in this case.  In any event, as stated in Judge Stein's decision dismissing these defendants, absolute judicial immunity similarly bars any claim against these judges for monetary relief.  See Melnitzky, 2006 WL 3500016, at *2.

The plaintiff claims that he is nonetheless entitled to injunctive relief against these state court judges pursuant to the Supreme Court's decision in Pulliam v. Allen, 466 U.S. 522 (1984).  Indeed, that decision clearly states the principle that judicial immunity does not itself stand as a bar to prospective injunctive relief against a judge.  See Pulliam, 466 U.S. at 539.  However, the Court there reaffirmed the validity of the principles of federalism and comity that create the "need for restraint by federal courts called on to enjoin the actions of

4

state judicial officers." Id.  These principles apply with full force to the plaintiff's present claim for injunctive relief against the state court judges.

The plaintiff has sued numerous judges who have been involved in his decade long domestic dispute in the state courts.  With the exception of the plaintiff's claims against Justice Silberman, who apparently is presently presiding over the plaintiff's case in state court, most of the plaintiff's claims arise from the past conduct of these judges.  "To obtain a permanent injunction, a plaintiff must succeed on the merits and show the absence of an adequate remedy at law and irreparable harm if the relief is not granted."  Roach v. Morse, 440 F.3d 53, 56 (2d Cir. 2006) (internal quotation marks omitted).  Given that the conduct of these judges is complete and there is no allegation that an injunction is necessary to prevent any ongoing conduct by these judges that could cause irreparable harm, an injunction against the future actions of these state court judges is plainly unwarranted.

To the extent the plaintiff seeks to enjoin ongoing proceedings arising from the plaintiff's domestic dispute before Justice Silberman or any other judges of the state court, Younger abstention prevents this Court from issuing any such injunction.  Younger abstention applies "not only when the pending state proceedings are criminal, but also when certain civil proceedings are pending, if the State's interests in the

5

proceedings are so important that exercise of the federal judicial power would disregard the comity between the States and the National Government." Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 11 (1987). States have always had an important interest in adjudicating domestic relations issues. See, e.g., Hernandez v. United States Family Court of Bronx County, No. 96 Civ. 0035 (HB), 1996 WL 529044, at *4 (S.D.N.Y. Sept. 18, 1996). As such, the Court must abstain from interfering with any pending state court proceedings.

Finally, with respect to the past actions of these state court judges, the plaintiff essentially seeks to have this Court overturn the decisions of the state court. However, as Judge Stein explained in his December 4 Memorandum Order, this Court lacks subject matter jurisdiction to consider such challenges pursuant to the Rooker-Feldman doctrine. See Melnitzky, 2006 WL 3500016, at *3.

Therefore, because absolute judicial immunity bars any claim for monetary relief against the state judges and because it is plain from the amended complaint that there is an insufficient basis for an injunction or other equitable relief against these judges, the plaintiff's claims against Chief Judge Kaye, Justice Silberman, Justice Tolub, Justice Gische, Justice Ramos, and Justice Mazzarelli are **dismissed**.

6

**III.**

The plaintiff's claims against Virginia Lopretto, Elizabeth Besobrasow, and the John Doe Secret Auction Gallery must also be **dismissed**. The plaintiff's claims against these defendants were already dismissed with prejudice in the action before Judge Stein. See Melnitzky, 2006 WL 3500016, at *1. Federal law determines the preclusive effect of a federal judgment. Marvel Characters, Inc. v. Simon, 310 F.3d 280, 286 (2d Cir. 2002). Pursuant to the doctrine of res judicata, "a valid, final judgment, rendered on the merits, constitutes an absolute bar to a subsequent action between the same parties, or those in privity with them, upon the same claim or demand." Epperson v. Entm't Express, Inc., 242 F.3d 100, 108 (2d Cir. 2001). The prior claims alleged, among other things, that Ms. Besobrasow (the plaintiff's former wife) and Ms. Lopreto (Ms. Besobrasow's lawyer) obtained a court order, dated June 7, 2006, to permit entry into a safe deposit box and the sale of property through the John Doe Secret Auction Gallery. The plaintiff sought the return of any assets seized, an accounting, and damages. Judge Stein determined that the plaintiff's claims pursuant to §§ 1983 and 1985 against these precise defendants, arising from these events, were without merit. Melnitzky, 2006 WL 3500016, at *1. The current complaint contains substantially the same allegations challenging the June 7, 2006 order and the conduct of the defendants, allegedly in furtherance of that order, and

7

seeks the return of the assets seized, an accounting, an inventory, and damages.  Res judicata bars the plaintiff from simply bringing the same claims against the same defendants before a different judge.

Similarly, the plaintiff's claim against defendants Supervising Office Major Fennel and Sergeant Geoghan of the 19th Precinct must be **dismissed**.  Judge Stein has already addressed and dismissed the plaintiff's complaint against Sergeant Geohgan.  Id. at *3.  Therefore, the claims against Sergeant Geoghan are barred.  In addition, in considering the claims asserted against a John Doe defendant, Major John Doe, Judge Stein dismissed claims identical to those now asserted against Major Fennel.  Id. at *2.  Indeed, in the section of the amended complaint devoted to Major Fennel, the plaintiff refers to Fennel as "Major John Doe."  (Am. Compl. at 58.)  It is perfectly clear that Major John Doe is the same person as Major Fennel.  Therefore, because the claims against this defendant were dismissed in the action before Judge Stein, the defendant is precluded from reasserting them in this case.  Even if the claim were not precluded, the Court would dismiss the claim against Major Fennel for the reasons stated in Judge Stein's decision dismissing Major John Doe.  See Melnitzky, 2006 WL 3500016, at *2.

Finally, the claim against Ida Lee, alleged clerk for Justice Gische, must be **dismissed** because the plaintiff has

8

failed to adequately allege the defendant's direct or personal involvement in any alleged constitutional deprivation. See id. at *2.

## CONCLUSION

In sum, the plaintiff's claims against the defendants Chief Judge Kaye, Justice Silberman, Justice Tolub, Justice Gische, Justice Ramos, Justice Mazzarelli, Virginia Lopretto, Elizabeth Besobrasow, the John Doe Secret Auction Gallery, Supervising Office Major Fennel, Sergeant Geoghan of the 19th Precinct, and Ida Lee are **dismissed**. Having already filed an amended complaint, to the extent that the plaintiff wishes to further amend his complaint, he must seek prior leave of court. See Fed. R. Civ. P. 15(a).

The Court will hear the allegations against the remaining defendants on the plaintiff's application for a temporary restraining order or a preliminary injunction.

**SO ORDERED.**

Dated:   New York, New York
         January /6/, 2007

John G. Koeltl
United States District Judge